981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Timothy Lee BESS, Defendant-Appellant.
 No. 92-5277.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 16, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-88-123-2)
 Hunt L. Charach, Federal Public Defender, Leonard Kaplan, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 Vacated and remanded
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Timothy Lee Bess appeals from the district court's imposition of imprisonment for violation of supervised release. Bess was sentenced to thirty-three months and twelve months of imprisonment, to be served concurrently, followed by five years of supervised release in 1988. Bess was released from prison. He was later found in violation of his conditions of release in that he possessed and used drugs, as established when he tested positive for controlled substances. The district court sentenced Bess to twenty months imprisonment for the violations pursuant to 18 U.S.C. § 3583(g) (1988).
 
 
 2
 Bess contends that because the crimes for which he was originally imprisoned were committed prior to December 31, 1988, the district court's application of § 3583(g) to him violated the Ex Post Facto Clause. Bess is correct. United States v. Parriett, F.2d, No. 92-5030 (4th Cir. Sept. 4, 1992). The district court erred in applying the statute to Bess. The United States concedes this point and requests that we vacate the judgment for this reason.
 
 
 3
 Bess's second contention, that he did not "possess" a controlled substance because someone else injected him with the drugs, is meritless. First, Bess was certainly guilty of "use" of the controlled substance; this in itself violated his probation. Second, it cannot be gainsaid that one who allows the introduction of a controlled substance in his bloodstream constructively possesses the drug. United States v. Blackston, 940 F.2d 877, 888-92 (3d Cir.), cert. denied, 60 U.S.L.W. 3404 (U.S. 1991).
 
 
 4
 Bess also contends that the revocation violated due process because his drug use was through no fault of his own. See Bearden v. Georgia, 461 U.S. 660 (1983). His contention is meritless. Bess does not contend that he did not voluntarily submit to the injection. Further, his addition to drugs does not excuse his violation. United States v. Lyons, 731 F.2d 243, 245-46 (5th Cir.), cert. denied, 469 U.S. 930 (1984).
 
 
 5
 Because the district court erred in applying § 3583(g), the district court's order is vacated and remanded for proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED